Filed 4/14/16  P. v. Hreha CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052918 |
| v. | (Super. Ct. No. P-00680) |
| ROBERT ANDREW HREHA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Craig E. Robison, Judge (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.); and David Hoffer, Judge.  Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The trial court found Robert Andrew Hreha violated the conditions of his parole by failing to charge his Global Positioning System (GPS) tracking device. The court imposed a 180-day term in custody. Hreha appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts and procedural history of the case, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable matters. Counsel submitted a declaration stating she thoroughly reviewed the record. Counsel advised Hreha she would file a *Wende* brief, and provided a copy of the brief to him. She also advised Hreha he could personally file a supplemental brief on his own behalf raising any issues he believed worthy of consideration, and made a copy of the appellate record available to him. Counsel did not argue against her client or offer an opinion on the merits of the appeal. She informed Hreha he could ask the court to relieve her as counsel. We gave Hreha 30 days to file a supplemental brief, but he has not responded. We have reviewed the record, found no arguable issues, and therefore affirm the order.

FACTS AND PROCEDURAL HISTORY

In October 2015, a parole agent with the California Department of Corrections and Rehabilitation filed a petition (Pen. Code, §§ 3000.08, 1203.2) alleging Hreha violated the terms of his parole. The petition alleged 69-year-old Hreha had been convicted of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in August 2013 (O.C. case No. 12CF1355). Hreha received a two-year prison term and CDCR released him on supervision in August 2013. According to the parole agent's report, Hreha, was a registered high-risk sex offender and homeless. He was most recently released from Theo Lacy jail on October 19, 2015. He allegedly violated parole by failing to report to the parole agent on the first working day after his release from jail,

2

and by failing to charge his GPS tracking device. According to the agent this was Hreha's fifteenth parole violation since his original release in August 2013.

At the November 9, 2015, probable cause hearing, the prosecution asked the court to take judicial notice of the petition and accompanying report. Hreha's counsel objected on hearsay and constitutional grounds. The court overruled the objections, reviewed the petition, and found probable cause to believe Hreha violated parole.

At the violation hearing December 4, 2015, parole agent Sergio Sanchez testified Hreha failed to report to Sanchez as required by parole conditions on October 20, 2015, after release from custody on October 19. When confronted, Hreha explained he had "more important things to do." Sanchez sanctioned Hreha by directing him to report to the Behavioral Intervention Day Reporting Center. Another parole condition required Hreha to charge his GPS device, attached to his left leg, twice a day for at least one hour. Charging stations are available for homeless parolees at the day reporting center in Santa Ana and at parole offices. He also was required to contact a parole agent immediately if the device vibrated or made a sound. When the GPS device goes into low or critical battery mode, it vibrates or makes a sound every 10 minutes, and the parole agent receives an e-mail notification. GPS records reflected that on October 25, Hreha's device registered low battery at 12:42 p.m., critical battery at 3:31 p.m., and dead battery at 10:29 p.m. The device would have vibrated and beeped every 10 minutes beginning at 12:42 p.m. Hreha did not call or text Sanchez that day.

Parole agent Steven Truong testified he and another agent located Hreha "via GPS device on his ankle on the border of Anaheim and Fullerton." Hreha stated, "I guess you guys are here because I let my – I haven't charged my fucking GPS device."

The court found Hreha violated the conditions of his parole by failing to charge the GPS device. The court imposed a 180-day term in custody (Pen. Code, § 3010.10) with custody and conduct credit of 80 days.

3

## DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record and discern no arguable issue. This includes counsel's suggestion we consider whether the trial court followed "proper procedure" when it found probable cause to believe Hreha violated his parole and whether sufficient evidence supported the court's decision. Hreha has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106, 111 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved. We therefore affirm the order. (*Wende, supra,* 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

ARONSON, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

4